UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL CALDWELL,             )
                              )
       Plaintiff,          )  Case No. 1:09-cv-1093
                              )
v.                            )  Honorable Robert Holmes Bell
                              )
PATRICIA CARUSO, et al.,      )
                              )
       Defendants.         )
_____)

# REPORT AND RECOMMENDATION ON
# MOTION FOR TEMPORARY RESTRAINING ORDER
# AND PRELIMINARY INJUNCTION

This is a civil rights action brought by a *pro se* prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 29, 2009, alleges an Eighth Amendment claim against various prison officials arising from their asserted failure to provide proper medical treatment for plaintiff's seizure disorder. Plaintiff alleges that approximately one month earlier, on September 22, 2009, he suffered a seizure, falling to the floor and striking his head. He alleges that his roommate pushed the emergency button and that defendant Bunce responded, but left without affording any help, remarking that plaintiff was "faking" his convulsions. He alleges that later on the same day, defendant Nunez likewise refused to refer him for medical treatment. Nevertheless, on the next day, plaintiff was called out for a medical examination by Dr. Holmes with regard to his seizure and head injury. Dr. Holmes gave him Tylenol, but refused to give him his seizure medication (Dilantin) or a stronger medication for his head pain. For relief, plaintiff seeks an order

requiring the prison medical staff to give him "proper pain medication for the pain of my migraines" and to order further treatment for his medical needs. By order entered December 15, 2009, this court directed service of process on the defendants. No defendant has been served with process or has responded to the complaint.

Presently pending before the court is plaintiff's motion for a temporary restraining order or for preliminary injunction (docket # 6) and two affidavits (docket #'s 7, 8). Plaintiff's motion for injunctive relief alleges in conclusory fashion that defendants are engaged in "a scheme to defraud health care treatment for Caldwell in the submission of claims for reimbursement for medical services and supplies in violation of the federal fraud statute, 18 U.S.C. § 1345." On this basis, he seeks temporary restraining order against the defendants, requiring them to grant him a "permanent bottom bunk detail," a heating pad and medical assistance when needed, immediate treatment for pain, an extra pillow to keep his head "at a comfort level," and an order for an evaluation requiring plaintiff to be placed on proper pain medication. (Motion, docket # 6). Plaintiff's first affidavit (docket # 7) alleges that plaintiff "fully believes" that the medical officials at Bellamy Creek Correctional Facility are "in some way engaging in illicit activity" to deny medical treatment. He alleges that he is currently in severe pain from the fall and is being refused medical treatment. He also speculates that any attempt to transfer him from Bellamy Creek would be retaliation. Plaintiff's second affidavit (docket # 8) again asserts that plaintiff is being forced to suffer pain for migraines that occurred from a fall during a seizure and is being denied medical attention and alleges that he is in imminent danger because the defendants knowingly have him incarcerated under conditions posing a substantial risk of serious harm to his health.

For the reasons set forth below, I recommend that plaintiff's motion for a temporary restraining order and for preliminary injunction be denied, without prejudice to plaintiff's right to seek relief after defendants have appeared.

**Discussion**

No defendant has been served with process in the present case, nor has plaintiff demonstrated any effort to give notice to defendants of his application for injunctive relief. Therefore, plaintiff's request is governed by Fed. R. Civ. P. 65(b), which governs the issuance of temporary restraining orders without notice. Rule 65(b) provides as follows:

> (b) **Temporary Restraining Order**.
> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not established grounds for the extraordinary relief of an *ex parte* temporary restraining order. In addressing requests for a temporary restraining order, the court is to be guided by the familiar four factor standard governing all requests for extraordinary injunctive relief entered before judgment: (1) whether plaintiff has a strong or substantial likelihood of success on the merits, (2) whether plaintiff has established the existence of irreparable injury, (3) whether an injunction would harm defendants or third parties, and (4) whether injunctive relief would serve the public interest. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *see also Witzke v. Sampson*, No. 1:87-cv-944, 2008 WL 3539962, at * 1

(W.D. Mich. Aug. 12, 2008) (four factor test for preliminary injunctions applies to applications for temporary restraining order). Additionally, when a litigant seeks an *ex parte* restraining order without notice to the opposing party, he has the additional burden of demonstrating to the court, as required by Rule 65(b)(1), why no notice to the opposing party was possible and why the injury would truly be irreparable in the absence of an injunction. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225-27 (6th Cir. 1996).

None of the relevant factors weighs in favor of issuing a temporary restraining order or a preliminary injunction. First, plaintiff falls far short of establishing a strong likelihood of success on the merits of his Eighth Amendment claim. Prison officials and doctors may be found liable for an Eighth Amendment violation in the medical context only when they demonstrate deliberate indifference to a prisoner's serious medical needs, manifested by intentional interference with treatment or intentional denial or delay of access to medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Plaintiff's own allegations show that he was examined by a doctor the day after his fall. Dr. Holmes prescribed Tylenol for plaintiff's pain. Plaintiff apparently disagrees with the doctor's medical judgment and believes that the doctor should have prescribed Dilantin and a more powerful pain killer. A prisoner's disagreement with the course of treatment prescribed by a medical doctor falls well short of establishing a likelihood of success on the merits of an Eighth Amendment claim. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (recognizing that where prisoner "has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and to constitutionalize claims which sound in state tort law"); *accord Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008). Plaintiff has submitted no medical records documenting his claims of a

serious medical condition. His Eighth Amendment claim at this juncture is conclusory and unsubstantiated. Plaintiff's nonsensical allegations of a cause of action under 18 U.S.C. § 1345, which empowers the Attorney General to commence a civil action for injunctive relief against certain violations of federal fraud laws, do not add any substance to his conclusory allegations of an Eighth Amendment violation.

Second, plaintiff has not established the existence of irreparable harm in the absence of the requested injunction. Most of plaintiff's requests for relief have little to do with his medical condition and seek to force prison officials to grant plaintiff preferential treatment concerning details of prison placement and bed assignment. The request that the court intervene in plaintiff's medical treatment on an *ex parte* basis is much more likely to cause irreparable harm than to avoid it. This court has no medical expertise in treating epilepsy or head injuries and would act recklessly in ordering a specific course of drug therapy in response to plaintiff's bare allegations that the doctors are not responding appropriately.

Third, an *ex parte* injunction would certainly intrude upon important interests of the State of Michigan in running its prison system and upon the professional integrity of plaintiff's prison medical providers in the exercise of their professional judgment. Finally, the public interest would not be served by issuing a temporary restraining order interfering with plaintiff's medical care on the basis of the negligible record now before the court.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion for a temporary restraining order and preliminary injunction (docket # 6) be denied, without prejudice to plaintiff's ability to renew his motion with appropriate factual support after defendants have appeared.

Dated:  December 30, 2009                         /s/  Joseph G. Scoville
                                                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).