UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL CALDWELL, # 494871,  )
                                       )
          Plaintiff,   )   Case No. 1:09-cv-1093
                                       )
v.                                   )   Honorable Robert Holmes Bell
                                       )
PATRICIA CARUSO, et al.,   )   **REPORT AND RECOMMENDATION**
                                       )
          Defendants. )
_____)

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The defendants are:

    1.    Director of the Michigan Department of Corrections (MDOC), Patricia Caruso;

    2.    Unknown Holmes, M.D.;

    3.    Corrections Officer Lincoln Nunez;

    4.    Corrections Officer Scott Bunce;

    5.    Sergeant Unknown Johnson; and

    6.    Lieutenant Laurence Andres.

Plaintiff alleges that defendants violated his Eighth Amendment rights. The matter is before the court on the motion for summary judgment by defendants Caruso, Nunez, Bunce, Johnson, and Andres seeking dismissal of plaintiff's claims without prejudice under 42 U.S.C. § 1997e(a) because plaintiff did not exhaust his available administrative remedies before filing this lawsuit. (docket # 26). On April 7, 2010, plaintiff filed a response conceding that he did not exhaust his administrative remedies

before filing this lawsuit. (docket # 43). Accordingly, I recommend that defendants' motion for summary judgment be granted and that all plaintiff's claims against defendants Caruso, Nunez, Bunce, Johnson, and Andres be dismissed without prejudice.

Defendant Holmes has preserved his affirmative defense of lack of exhaustion. (docket # 29), but he never joined in the motion for summary judgment filed by the other defendants. Plaintiff's admission that he filed this lawsuit before exhausting his available administrative remedies applies with equal force to his claims against defendant Holmes. It is patent that plaintiff intends to refile this lawsuit,[1] and piecemeal litigation would not serve the interests of the parties or judicial economy. Accordingly, I recommend that an order be entered directing plaintiff to show cause why his claims against defendant Holmes should not be dismissed without prejudice under 42 U.S.C. § 1997e(a).

**Applicable Standards**

**A.     Summary Judgment Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Synbrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009). The standard for determining whether summary judgment is appropriate is "whether 'the evidence

---

[1] Plaintiff asks that the court not to assess a filing fee when he refiles his claims. (Plf. Brief at 8). The filing fee issue is not yet ripe for resolution. However, it is appropriate to note that the Sixth Circuit's decision in *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006) remains in effect. In *Owens*, the Sixth Circuit held that a "when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." 461 F.3d at 773.

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Reed v. International Union, United Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

Where, however, a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies to defendants' the motion for summary judgment because lack of exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense.

**B.     Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies, and they seek dismissal of plaintiff's claims on that basis. A prisoner

bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24. Claims that are not fairly presented through the grievance process remain unexhausted.[2]

Further, in order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *See Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical

---

[2]"Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a full and fair opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

procedural rules." *Id.* at 90. Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. *Id.* at 90-93; *see* 42 U.S.C. § 1997e(a).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On September 28, 2009, plaintiff filed a grievance against defendants. The grievance coordinator assigned the grievance number IBC-2009-09-3602-17a. Plaintiff filed his complaint on December 3, 2009, more than a month before the Grievance and Appeals section of the Michigan Department of Corrections received plaintiff's Step III appeal. (Stapleton Aff. ¶¶ 16-17).

**Discussion**

Defendants Caruso, Nunez, Bunce, Johnson, and Andres are entitled to dismissal of plaintiff's claims against them because plaintiff did not exhaust his available administrative remedies before filing this lawsuit. "The exhaustion provision of the PLRA states: 'No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.'" *Jones v. Bock*, 549 U.S. at 204 (quoting 42 U.S.C. § 1997e(a)). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85 (citing *Booth v. Churner*, 532 U.S. at 739). "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff concedes that he filed this lawsuit before he had exhausted his available administrative remedies. (Plf. Brief at 3,4 docket # 43). Generally, the dismissal of claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th

Cir. 2006). I recommend that defendants' motion for summary judgment be granted and that plaintiff's claims against the moving defendants be dismissed without prejudice.

Defendant Holmes has asserted the affirmative defense of lack of exhaustion (docket # 29), but did not join in the motion filed by the other defendants. Plaintiff clearly intends to refile this lawsuit after he exhausts his available administrative remedies. Piecemeal litigation would not serve the interests of the parties or judicial economy. Accordingly, I recommend that an order be entered directing plaintiff to show cause why his claims against defendant Holmes should not be dismissed without prejudice under 42 U.S.C. § 1997e(a).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the motion for summary judgment by defendants Caruso, Nunez, Bunce, Johnson, and Andres (docket # 26) be granted and that all plaintiff's claims against these defendants be dismissed without prejudice. I further recommend that the court enter an order directing plaintiff to show cause why his claims against defendant Holmes should not be dismissed without prejudice under 42 U.S.C. § 1997e(a).


Dated: June 2, 2010            /s/ Joseph G. Scoville
                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129

S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).